UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZHABRAISHA A. S.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:19-cv-05429-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Curtis Greenfield's medical opinion. Had the ALJ properly considered Dr. Greenfield's opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

| | |
|---|---|
| 1 | FACTUAL AND PROCEDURAL HISTORY |
| 2 | On September 29, 2016, Plaintiff filed an application for SSI, alleging disability as of |
| 3 | August 1, 2013. *See* Dkt. 6, Administrative Record ("AR") 15. The application was denied upon |
| 4 | initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ |
| 5 | Lawrence Lee on April 11, 2018. AR 15. In a decision dated June 28, 2018, the ALJ determined |
| 6 | Plaintiff to be not disabled. AR 23-24. Plaintiff's request for review of the ALJ's decision was |
| 7 | denied by the Appeals Council, making the ALJ's decision the final decision of the |
| 8 | Commissioner. *See* AR 15; 20 C.F.R. § 404.981, § 416.1481. |
| 9 | In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly |
| 10 | consider the medical opinion of Dr. Greenfield. Dkt. 8, p. 1. |
| 11 | STANDARD OF REVIEW |
| 12 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 13 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 14 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 15 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 16 | DISCUSSION |
| 17 | **I.     Whether the ALJ properly considered the medical evidence.** |
| 18 | Plaintiff contends the ALJ improperly evaluated Dr. Greenfield's opinion. Dkt. 8, p. 1. |
| 19 | The ALJ must provide "clear and convincing" reasons for denying an uncontradicted |
| 20 | opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. |
| 21 | 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d |
| 22 | 502, 506 (9th Cir. 1990)). When either a treating or an examining physician's opinion is |
| 23 | contradicted, the ALJ may deny the opinion "for specific and legitimate reasons that are |
| 24 | |

supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may do so by setting out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On October 11, 2016, Dr. Greenfield completed a Psychological/Psychiatric Evaluation of Plaintiff, which included a clinical interview and a mental status exam ("MSE"). AR 462-466. He diagnosed Plaintiff with Stimulant Use Disorder, Cannabis Use Disorder, Attention Deficit Hyperactivity Disorder ("ADHD"), Bipolar Disorder, and Borderline Personality Disorder. AR 464. Dr. Greenfield opined Plaintiff was markedly impaired in her ability to perform the following basic work activities: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 464.

The ALJ gave Dr. Greenfield's opinion little weight, because:

> (1) While there is objective evidence that the claimant has a mental health condition and some resulting limitation, the undersigned finds that this evaluation, conducted by a Department of Social and Health Services (DSHS) doctors are [sic] largely based on the claimant's self-reported symptoms and complaints. (2) While the mental status examination administered by Dr. Greenfield noted abnormalities and deficits in cognitive functioning, mood, and thought process, treatment records also regularly noted normal observations in these fields. (3) The undersigned also notes that the evaluation was conducted for the purpose of determining the claimant's eligibility for state assistance; the claimant was likely aware that the continuation of her state assistance was dependent upon DSHS evaluations, and she therefore

|   |   |
|---|---|
| 1 | had incentive to overstate his [sic] symptoms and complaints. (4) Lastly, the undersigned notes that the evaluation form as completed by Dr. Greenfield was completed by checking the boxes, and contain [sic] few objective findings in support of the degree of limitation opined. These circumstances undermine the reliability of Dr. Greenfield's opinion. |

AR 21-22 (internal citations omitted, numbering added).

First, the ALJ discounted Dr. Greenfield's opinion because it is largely based on Plaintiff's self-reported symptoms and complaints. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

Here, the ALJ failed to explain how Dr. Greenfield's opinion was based on Plaintiff's subjective reports. *See* AR 21; *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Dr. Greenfield's Psychological/Psychiatric Evaluation of Plaintiff included a clinical interview and an MSE, which included his own observations and findings. *See* AR 462-466. For example, Dr. Greenfield personally observed "difficulty sitting still and frequent physical movement" as well as "difficulty noting and/or acting on conversation cues to stop talking…" AR 463. The record does not show Dr. Greenfield relied more heavily on Plaintiff's self-reported symptoms than on other information and objective evidence. As the ALJ's finding was conclusory and as Dr. Greenfield's opinion was not more heavily based on Plaintiff's self-reports, the ALJ's first reason for discounting Dr. Greenfield's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Greenfield's opinion because it was inconsistent with the treatment records. AR 22. The ALJ's finding is conclusory. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

Here, the ALJ failed to offer a substantive basis for finding Dr. Greenfield's opinion was inconsistent with treatment records. Instead, he merely notes Dr. Greenfield's opinion contradicts "normal observations" found in the treatment records, provides no specific references to the record, and then uses this reasoning to afford Dr. Greenfield's opinion less weight. AR 21.

Without providing specific and legitimate reasons for doing so, the ALJ's opinion is conclusory. Further, merely stating a doctor's opinion is inconsistent with the medical evidence "does not achieve the level of specificity our prior cases have required…" Thus, the ALJ's second reason for giving little weight to Dr. Greenfield's opinion is not a specific and legitimate reason supported by substantial evidence.

Third, the ALJ discounted Dr. Greenfield's opinion because it was conducted for the purpose of determining Plaintiff's eligibility for state assistance, and thus gave reason for Plaintiff to embellish her symptoms. AR 21. "An ALJ may not discredit an examining physician because the claimant has little 'incentive' to present himself as employable." *Audette v. Colvin*, 2015 WL 1395290 *4 (W.D.Wash. Mar. 25, 2015) (citing *Griffis v. Astrue,* 2012 WL 6757348, *6 (W.D.Wash. Dec.10, 2012)). If an ALJ had the ability to discredit a physician because an "incentive" to present oneself as unemployable existed, "there would be no reason to send claimants to be examined." *Griffis*, 2012 WL 6757348 at *6.

Here, the ALJ gave Dr. Greenfield's opinion little weight because Plaintiff "was likely aware that the continuation of her state assistance" was dependent on the outcome of the visit. AR 21. But, the ALJ makes this conclusion without referencing anything in the record to support it. Without further support, discounting a doctor's opinion for this reason is not valid. As this Court has previously said, "[s]urely this cannot serve as a short cut for the analysis required." *Id.* Thus, the ALJ's third reason for discounting Dr. Greenfield's opinion is invalid.

Fourth, the ALJ discounted Dr. Greenfield's opinion because it is a check-box evaluation and contained few objective findings in support. AR 21-22. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane*

*v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

Here, Dr. Greenfield's opinion was not simply a check-box form. Dr. Greenfield completed a clinical interview and an MSE. AR 462-466. While he opined to several limitations in "check-off" format, Dr. Greenfield's opinion includes notes from his clinical interview, clinical findings, and an MSE. *See* AR 462-466. For example, Dr. Greenfield's report detailed several personal observations, including that Plaintiff's rate of speech was elevated, her thought process was tangential with depressive content, and her sensorium was affected by reported delusions. AR 465-466. As Dr. Greenfield's opinion included testing and results relevant to the limitations he opined to, his opinion was not merely a check-box form. Accordingly, the ALJ's finding that Dr. Greenfield did not provide adequate objective findings for the check-box portion of the opinion is not a specific, legitimate reason supported by substantial evidence for discounting the opinion. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report).

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir.

2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given more weight to Dr. Greenfield's opinion, he may have included additional limitations in the RFC. For example, Dr. Greenfield found Plaintiff markedly limited in asking simple questions or requesting assistance and in communicating and performing effectively in a work setting. AR 464. In contract, in the RFC, the ALJ found Plaintiff "can frequently respond appropriately to supervisors, co-workers, and the general public." AR 19. Therefore, if the ALJ had given Dr. Greenfield's opinion great weight and additional limitations were included in the RFC and the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 9th day of October, 2019.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8